IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASSET GROUP, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. CIV-14-435-SLP |
| ) | |
| CORRUGATED ERECTORS, INC., ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| ) | |
| and ) | |
| ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| | |
| CORRUGATED ERECTORS, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GRAVITY-RATTERMAN, LLC, ) | |
| NATIONAL TRUST INSURANCE ) | |
| COMPANY, ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY, and ) | |
| GREAT AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendants. ) | |

**O R D E R**

Before the Court is the Joint Motion for Entry of Consent Judgment and Brief in Support [Doc. No. 465], filed on behalf of Plaintiff/Counterclaim Defendant Asset Group, Inc. and Defendant/Counterclaimant/Third-Party Plaintiff Corrugated Erectors, Inc. Third-

Party Defendant Gravity-Ratterman, LLC filed a Response in Opposition [Doc. No. 469], and the Court ordered additional briefing from the parties on the matter. *See* [Doc. No. 473]. The parties timely submitted the requested briefing. *See* [Docs. No. 474, 475, 476, 477, 478, 479, 481, 484].

When presented with a proposed consent judgment, district courts must typically approve or deny the agreement "as a whole." *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 630 (9th Cir.1982)). Approval will "place[] the power of the court behind the compromise struck by the parties." *Id.* Before taking this step, therefore, the Court must first "ensure that the agreement is not illegal, a product of collusion, or against the public interest," and that it "is fair, adequate, and reasonable." *Id.*

Based on the briefing submitted by the parties, the Court is not satisfied the proposed agreement is fair to Gravity, which vehemently opposes the Motion and did not participate in the relevant negotiations. *See* [Doc. No. 484] at 5. Asset and Corrugated argue that Gravity repeatedly declined to tender a defense to Corrugated. This declination, they contend, means "Gravity is bound by the liability determination in the Consent Judgment."[1] [Doc. No. 475] at 4. But Asset and Corrugated's argument appears to put the cart before the horse. They rely primarily on cases that analyze contractual indemnification obligations *after* a judgment has been entered—whether by settlement, consent agreement,

---

[1] Asset and Corrugated's argument relies primarily on Okla. Stat. tit. 15, § 427. Gravity disputes their analysis, arguing that Okla. Stat. tit. 15, § 221 limits the bounds of the indemnity agreement in this case. The Court finds it unnecessary to address these arguments at this time.

2

or verdict. *See, e.g., Chicago, R.I. & P. R. Co. v. Dobry Flour Mills*, 211 F.2d 785, 788 (10th Cir. 1954) (analyzing indemnity provision after indemnitee settled claim); *Whitehorse v. Johnson*, 156 P.3d 41, 47 (Okla. 2007) (considering recovery of attorneys' fees under earlier, valid consent judgment); *Callaway v. Wiltel Commc'ns, LLC*, No. 06-CV-0579-CVE-PJC, 2007 WL 2902878, at *1 (N.D. Okla. Oct. 2, 2007) (analyzing, on reconsideration of summary judgment ruling, indemnification provisions in light of earlier settlement agreement). In contrast, Asset and Corrugated attempt to use Gravity's declination and the indemnity provision as the foundation for the Court to enter their proposed judgment, essentially flipping the equation. They have not provided sufficient authority to demonstrate that entry of the proposed judgment is equitable to Gravity under these circumstances.

Additionally, it is not clear to the Court that Asset and Corrugated's request is procedurally proper. Although they thoroughly brief Oklahoma substantive law related to the enforcement of indemnity provisions, Asset and Corrugated give short shrift to the federal procedural law which would allow the result they seek here. *See F.T.C. v. Am. Ent. Distributors, Inc.*, 433 F. App'x 816, 817 (11th Cir. 2011) ("[W]hether the settlement agreement was a valid contract is determined by the substantive law of contracts of the forum state. But, whether a settlement agreement, tested under state law, has been accepted by a federal court and properly incorporated into a valid and enforceable judgment is purely a question of federal procedural law."). Asset and Corrugated concede the proposed consent judgment would not resolve all of the issues in this matter, *see* [Doc. No. 475] at 9–10, yet they do not analyze the basis for the Court to enter a final judgment that will not

3

resolve the entire case. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 (1992) ("[A] consent decree is a final judgment . . . ."); Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay. . . .*" (emphasis added)). Nor do they address the fairness, reasonableness, or adequacy of the proposed consent judgment. *See State of Colo.*, 937 F.2d at 509. If the parties choose to refile their motion, their briefing should fully analyze the issues identified herein.

IT IS THEREFORE ORDERED that Joint Motion for Entry of Consent Judgment and Brief in Support [Doc. No. 465] is DENIED without prejudice to refiling.

IT IS SO ORDERED this 1st day of November, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE