IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASSET GROUP, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. CIV-14-435-SLP |
| ) | |
| CORRUGATED ERECTORS, INC., ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| ) | |
| and ) | |
| ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CORRUGATED ERECTORS, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GRAVITY-RATTERMAN, LLC, ) | |
| NATIONAL TRUST INSURANCE ) | |
| COMPANY, ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY, and ) | |
| GREAT AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendants. ) | |

**O R D E R**

Before the Court is Third-Party Defendant Gravity Ratterman, LLC's ("Gravity") Motion to Reconsider Order [Doc. No. 579] Pursuant to Fed. R. Civ. P. 54(b) [Doc. No. 581], Third-Party Plaintiff Corrugated Erectors, Inc.'s ("Corrugated") Response [Doc.

No.583], and Gravity's Reply [Doc. No. 588]. For the reasons articulated below, Gravity's Motion is DENIED.

## I. Background[1]

Following significant developments in the case last year, the Court allowed the parties to submit additional summary judgment motions addressing the developments and remaining issues. Order [Doc. No. 579] at 2–3. The parties submitted cross-motions for summary judgment. First, Gravity filed a Motion for Summary Judgment [Doc. No. 560], and Corrugated filed a Response. *See* [Doc. No. 569]. Gravity did not file a reply. Second, Corrugated filed its Amended Motion for Partial Summary Judgment [Doc. No. 566], to which Gravity responded, *see* [Doc. No. 571], and Corrugated replied, *see* [Doc. No. 574]. On January 24, 2025, the Court issued the now-challenged Order [Doc. No. 579], denying Gravity's motion and granting Corrugated's, as stated therein. Now, Gravity asks the Court to reconsider its rulings in that Order.

## II. Standards for Motion to Reconsider

A motion to reconsider is not expressly recognized by the Federal Rules of Civil Procedure. *See, e.g., Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Hatfield v. Bd. of Cnty. Comm'rs. for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nonetheless, an interlocutory order may be revised at any time prior to the entry of a final judgment as part of the inherent powers of a district court. *See* Fed. R. Civ. P. 54(b); *Warren*, 507 F.3d at

---

[1] Given the long, tortured history of this case, the Court confines its recitation of the background to those facts only most pertinent to the instant Motion.

1243. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Van Skiver*, 952 F.2d at 1243.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Indeed, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Aceco Valves, LLC v. Neal*, No. CIV-21-368-D, 2022 WL 9497361, at *1 (W.D. Okla. Oct. 14, 2022) (citing *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd*, 245 F.3d 1203 (10th Cir. 2001)). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

### III. Discussion

As an initial matter, the Court notes that Gravity does not cite *any* of the above standards or framework for analyzing a request for reconsideration. *See generally* [Doc. Nos. 581, 588]. As a result, Gravity also does not explain which basis from *Servants* would merit reconsideration. Rather, Gravity merely states the well-settled principle that a court may modify earlier interlocutory orders. Mot. [Doc. No. 581] at 5–6.

Undoubtedly, Gravity does not seek reconsideration; it wants an opportunity to address caselaw it purposefully ignored and to reiterate arguments already rejected. Gravity's Motion identifies no intervening change in the controlling law nor new evidence previously unavailable. Gravity's Motion also does not argue—or even mention—manifest injustice. Thus, deductive reasoning suggests the only basis remaining for reconsideration is "the need to correct *clear error*." *Servants*, 204 F.3d at 1012 (emphasis added). Although Gravity's Motion does not expressly claim the Court clearly erred, its Reply states it filed its Motion "to address what it considered to be an incorrect application of 15 O.S. 2021, § 221(B) . . . ." Reply [Doc. No. 588] at 2. The Motion, however, goes beyond just § 221(B) and further argues that the Court relied on "inapplicable"[2] cases in its Order. Mot. [Doc. No. 581] at 7–10. Lastly, it rehashes and restates an argument already addressed in its summary judgment briefing. *Compare* Gravity's MSJ [Doc. No. 560] at 8 ("[Corrugated] must still prove [Gravity] was at fault . . . [Corrugated] still has the burden to establish liability on the part of [Gravity] . . . .") *with* Mot. to Reconsider [Doc. No. 581] at 21 ("[Corrugated] has the burden to prove its actual liability to Asset and also to prove the extent of any fault [Gravity] may share in such liability.").

The Court begins with the argument related to the "inapplicable" cases. These "inapplicable" cases were cited by Corrugated in the summary judgment briefing and rather

---

[2] Gravity takes specific issue with the Court's application of three cases: *Chicago, Rock Island & Pacific Raltway Co. v. Dobry Flour Mills*, 211 F.2d 785 (10th Cir. 1954); *Callaway v. Wiltel Commc'ns, LLC*, No. 06-CV-0579-CVE-PJC, 2007 WL 2902878 (N.D. Okla. Oct. 2, 2007); *Kelly-Springfield Tire Co. v. Mobil Oil Corp.*, 551 P.2d 671 (Okla. Civ. App.. 1976). *See* [Doc. No. 581] at 4–10.

4

than address them in its Response or a Reply, Gravity left this Court to do the heavy lifting of analysis. Indeed, the Court noted Gravity's Response [Doc. No. 571] in the summary judgment briefing included "just three pages of analysis" and did "not attempt to distinguish *Dobry* or present any legal argument as to why it is inapplicable to this case following the Settlement." Order [Doc. No. 579] at 11. The Court then stated, **"Perplexingly, Gravity does not even mention *Dobry* in its Response, nor did it file a reply in support of its own Motion to address the case's applicability."** *Id.* (emphasis added). Dropping a footnote here, the Court explicitly stated:

> At a previous hearing, the Court suggested the parties' arguments were akin to a silent disco; rather than providing law or facts rebutting the opposing party's position, each party steadfastly stuck to the argument it wanted to make. Gravity has not strayed from this approach in its briefing. **Rather than addressing Corrugated's arguments under the *Dobry* line of cases, Gravity continues beating the drum that such a result violates Okla. Stat. tit. 15, § 221(B). To the extent there is some argument as to why *Dobry* is inapplicable here, Gravity has not even attempted to make it.** The Court notes that Corrugated's reliance on *Dobry* and its progeny can come as no surprise to Gravity. Corrugated has promulgated this theory since at least September 5, 2023, when it made similar arguments in support of its motion for consent judgment. *See* [Doc. No. 475] at 9.

Order [Doc. No. 579] at 11, n.7 (emphasis added). Instead of interpreting this bewildered observation as the admonishment it was intended to be, Gravity apparently believed it to be an invitation from the Court to address caselaw and arguments it purposefully chose to ignore. Not so.

For reasons unknown, Gravity chose not to address seminal case law in its briefing that its adversary repeatedly cited to. It left the Court to analyze the cases and their applicability—and now, Gravity takes issue with the Court's application of those cases.

5

These objections, however, come too late.  The Court will not allow a litigant to ignore the volume of caselaw cited by its opponent in briefing, wait for the outcome, and then challenge an unfavorable order on the grounds of caselaw that it ignored—whether purposefully or through neglect.  This is particularly true where Gravity has *entirely omitted* any explanation for why these cases and arguments were not addressed in its summary judgment briefing.  *See* [Doc. Nos. 581, 588].

Again, each of the cases Gravity challenges were briefed by Corrugated either in its Partial Motion for Summary Judgment [Doc. No. 566] and/or in its Response to Gravity's Motion for Summary Judgment [Doc. No. 569].  In each instance, Gravity failed to address the cases and their related argument in its Response or a Reply,[3] wholly ignoring the cases and effectively waiving its objections to Corrugated's application and arguments.  *See* LCvR 7.1(g); *Colt & Joe Trucking, LLC v. U.S. Dep't of Labor*, 24-CV-00391-KWR-GBW, 2025 WL 56658, at *17 (D.N.M. Jan. 9, 2025) ("Rather, a party that fails to address or rebut arguments raised in an opposing party's motion for summary judgment loses the opportunity to do so later on.") (citing *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992)); *Strauss v. Angie's List, Inc.*, 2019 WL 399910, at *7 (D. Kan. Jan 31, 2019) (denying motion to alter or amend judgment, noting that the plaintiff "waived any

---

[3] Gravity takes issue with the Court's Order reciting that Gravity did not file a Reply in support of its Motion for Summary Judgment, arguing reply briefs are "not encouraged" and "not mandatory" under the Local Rules of this Court. [Doc. No. 581] at 2–3.  "The purpose of a reply brief under local rule[s] is to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Gezu v. Charter Commc'ns*, 17 F.4th 547, 556 (5th Cir. 2021).  While a Reply was not mandatory, it certainly was not prohibited.  Gravity chose not to reply.  There is nothing improper with the Court noting this fact, and Gravity sets forth no authority to suggest otherwise.

6

argument that the continuing [wrong] theory should apply to Defendant's affirmative defense of laches by failing to raise the argument in prior briefing"), *aff'd*, 951 F.3d 1263 (10th Cir. 2020). *Logsdon v. AT&T Commc'ns of Sw., Inc.*, 2003 WL 1872993, at *1 n.1 (D. Kan. 2003) (declining to consider argument raised for the first time in a motion for reconsideration); *Jones v. Colvin*, No. 14-1311-JWL, 2015 WL 5883910, at *2–4 (D. Kan. Oct. 8, 2015) (rejecting new arguments that could have been raised in prior briefing).

Further, as Corrugated rightfully points out, Gravity's arguments related to § 221 and Corrugated's burden to prove Gravity's liability merely traverse the same well-worn path already trodden by prior orders and briefing. *See e.g.*, Gravity's Resp. [Doc. No. 583] at 17, n.6 (citing Order [Doc. No. 335]); Order [Doc. No. 536]; Order [Doc. No. 579]. As such, a motion to reconsider is an inappropriate vehicle to raise them yet again. *See Carolina Indus. Products, Inc. v. Learjet, Inc.*, 194 F. Supp. 2d 1170, 1172 (D. Kan. 2002) ("A party may not use a motion to reconsider as a vehicle for raising arguments that should have been raised in the first instance or for rehashing arguments that have previously been rejected by the court."). The Tenth Circuit has held that "extraordinary circumstances" are required to consider arguments in a motion to reconsider that were not presented in the initially. *Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed."). No such "extraordinary circumstances" exist here, and thus, Plaintiff's attempts to expand and rehash previous arguments is not a basis on which to grant a motion to reconsider. *See United States v. Nacchio*, 555 F.3d 1234, 1252 (10th Cir. 2009) ("Courts are not disposed to allow litigants to have two or more bites at the proverbial apple.").

Upon careful review of the parties' briefing and the challenged Order, the Court finds no grounds warranting reconsideration. Gravity points to no statement in the Court's Order that is factually or legally incorrect, nor does it identify any actions that are "clear error" or would result in manifest injustice. While the Court declines to reconsider its Order wholesale for the reasons stated above, the Court's own review of its Order does not indicate clear error or incorrect statements of fact or law. Accordingly, Gravity's Motion is DENIED.

## IV. Conclusion

IT IS THEREFORE ORDERED that Third-Party Defendant Gravity Ratterman, LLC's Motion to Reconsider Order [Doc. No. 579] Pursuant to Fed. R. Civ. P. 54(b) [Doc. No. 581] is DENIED.

IT IS SO ORDERED this 7th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE