**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ASSET GROUP, INC.,                           )
                                             )
    Plaintiff/Counterclaim Defendant,    )
                                             )
v.                                           )    Case No. CIV-14-435-SLP
                                             )
CORRUGATED ERECTORS, INC.,                   )
                                             )
    Defendant/Counterclaimant,           )
                                             )
and                                          )
                                             )
TRAVELERS CASUALTY AND                       )
    SURETY COMPANY,                      )
                                             )
    Defendant.                           )
                                             )
CORRUGATED ERECTORS, INC.,                   )
                                             )
    Third-Party Plaintiff,               )
                                             )
v.                                           )
                                             )
GRAVITY-RATTERMAN, LLC,                      )
NATIONAL TRUST INSURANCE                     )
    COMPANY,                             )
PHILADELPHIA INDEMNITY                       )
    INSURANCE COMPANY, and               )
GREAT AMERICAN INSURANCE                     )
    COMPANY,                             )
                                             )
    Third-Party Defendants.              )

## O R D E R

Before the Court is Third-Party Plaintiff Corrugated Erectors, Inc.'s ("Corrugated")

Motion to Reconsider Order [Doc. No. 655] and Motion to Alter or Amend Judgment [Doc.

No. 656] pursuant to Rule 59(e) [Doc. No. 659], Third-Party Defendants Gravity-

Ratterman, LLC ("Gravity") and National Trust Insurance Company's ("National Trust") Joint Response [Doc. No. 660], and Corrugated's Reply [Doc. No. 663]. For the reasons articulated below, Corrugated's Motion is DENIED.

## I.     Background[1]

Following continued disputes regarding the scope of the claims remaining for adjudication, National Trust and Gravity filed a "Dispositive Motion Regarding Limit on Corrugated Erectors' Asserted Damages." [Doc. No. 641]. While reviewing the briefing by the parties and the record, the Court observed that Corrugated appeared to take positions that were materially inconsistent with previous positions it advanced. As a result, the Court issued an Order identifying its concerns and giving notice, pursuant to Federal Rule of Civil Procedure 56(f), that it would consider arguments regarding: (1) whether the Court should enter judgment in favor of Gravity in light of Corrugated's positions under theories of waiver, abandonment, judicial estoppel, or otherwise; (2) whether Corrugated may seek attorneys' fees that its insurance carrier, Companion, paid; and (3) what issues, if any, would remain against National Trust if the Court were to grant judgment in Gravity's favor. Order [Doc. No. 648] at 10–11.

The parties submitted contemporaneous supplemental briefs [Doc. Nos. 650, 651] and responses [Doc. Nos. 652, 653] in accordance with the Court's directive. The Court considered these submissions in resolving the issues identified in its Rule 56(f) Order. On December 4, 2025, the Court issued an Order granting summary judgment in favor of

---

[1] The Court confines its recitation of the background to those facts only most pertinent to the instant Motion.

Gravity and National Trust. [Doc. No. 655, the "December 4 Order"]. Judgment was entered the same day. *See* Judgment [Doc. No. 656].

Corrugated now moves the Court to reconsider its December 4 Order and amend its Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Mot. to Reconsider [Doc. No. 659]. Corrugated asserts that the Court's Order includes manifest errors of fact and law that resulted in a misapplication of judicial estoppel. *Id.* at 7. Gravity and National Trust filed a combined opposition in response, to which Corrugated replied, and the matter is at issue.

## II. Standards for a Rule 59(e) Motion

"Rule 59(e) relief is available in limited circumstances, including (1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (cleaned up). A Rule 59(e) motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Indeed, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Aceco Valves, LLC v. Neal*, No. CIV-21-368-D, 2022 WL 9497361, at *1 (W.D. Okla. Oct. 14, 2022) (citing *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd,* 245 F.3d 1203 (10th Cir. 2001)). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir.

1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

### III.    Discussion

Corrugated argues that reconsideration is warranted because the Court committed "manifest errors of both fact and law" in applying judicial estoppel.[2] [Doc. No. 659] at 7. Corrugated sets forth numerous arguments that it contends are errors warranting reconsideration.  The Court disagrees and addresses each in turn.

*First*, Corrugated argues that the December 4 Order "fails to address the evidence that Corrugated's arguments in 2018 were in good faith based upon the claims asserted by Asset with regard to the nature of the property damages at issue."  [Doc. No. 659] at 11. Specifically, Corrugated contends that the Court erred in not considering that Corrugated's change of position was based upon a "radical expansion of Asset's claims in August 2022" when Asset disclosed at a settlement conference that it sought damages related to Gravity's damage to other trade's work.  *Id.*  Not only is this assertion raised for the first time in its Motion to Reconsider, but this timeline is also directly contradicted by the record as set forth by Corrugated itself.  That is, while Corrugated's prior briefing *did* discuss a "change of circumstances" theory—which the Court addressed—it painted an entirely different factual timeline that is wholly at odds with the timeline it now seeks to create in its most recent Motion to Reconsider.

---

[2] Corrugated points to no intervening change in the law or new evidence that would warrant reconsideration and, instead, relies only on the "clear error" basis for a Rule 59(e) Motion. *Servants*, 204 F.3d at 1012.

The Court's December 4 Order noted its concern "that Corrugated has, at times, urged the Court to accept characterizations that cannot be reconciled with the established record." December 4 Order, [Doc. No. 655] at 20. So too, here. The Court need look no further than Corrugated's own briefing on judicial estoppel from two months prior to find flagrantly inconsistent representations:

> The direct and simple answer to the Court's inquiries is **that circumstances radically changed in April and May 2018**. At that point, Plaintiff, Asset Group, Inc. used the extension of the discovery deadline to adduce expert witness testimony that fundamentally altered its claimed damages to include property damage to the "work of other trades" and *the structural stability of the School Age Center Building*. *See* [Doc. No. 650] at pp. 6-12, ECF 10 of 25 – 16 of 25. Coverage A of the National Trust policy was then clearly implicated, both with regard to the duty to defend and the duty to indemnify. *Id*.

Corrugated's Supp. Br. [Doc. No. 652] at 2 (**filed Oct. 2, 2025**); *see also id.* ("In April 2018, the record regarding Asset's claims changed, necessitating a change in Corrugated's position with regard to the potentially applicable coverage under the National Trust policy.").

Now, in its Motion to Reconsider, Corrugated creates an entirely new timeline that focuses on events in 2022 rather than the expert reports and depositions in 2018:

> The change of position cited by the Court in its September 24, 2025 and December 4, 2025 Orders is based upon **the radical *expansion* of Asset's claims in August 2022** to include the claim that Gravity's work damaged the structural integrity of the School Age Center Building, which Asset claimed caused the supervising engineer to shut down all construction activities at the site.

Mot. to Recon. [Doc. No. 659] at 11 (filed **Dec. 12, 2025**).

The Court is, frankly, bewildered by Corrugated's argument. The irony that Corrugated argues that the Court erred in finding Corrugated applied inconsistent positions *by taking inconsistent positions* is not lost on the Court. Further, the record does not support the new timeline. As Gravity and National Trust rightfully point out, Corrugated itself directed the Court to Asset's Fourth Amended Complaint, which alleged damages to the "work of other trades." *See* Corrugated's Resp Br. [Doc. No. 647] at 15 (citing [Doc. No. 41] at ¶¶ 21, 42). Thus, Corrugated's most recent assertion that "Asset did not assert this claim until service of its Settlement Conference Statement in August 2022" is patently inaccurate, which Corrugated is clearly aware of. Because Corrugated did not heed the Court's warning in its December 4 Order, the Court states plainly that Corrugated's continued misrepresentations and mischaracterizations of the record are unacceptable. Such conduct strains this Court's patience and implicates counsel's obligations of candor to the tribunal. *See* Fed. R. Civ. P. 11(b); Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.3(a). Any future filings before this Court containing materially inconsistent factual representations or misstatements of the record may result in sanctions or other further action from the Court.

Thus, Corrugated's failure to once mention a purported change in circumstances in 2022, is alone fatal to its request for reconsideration. *Servants*, 204 F.3d at 1012. Even if it were not, the discovery deadline closed in June 2018. Thus, it still remains unclear to the Court why Corrugated would voluntarily pay Asset for losses that it previously insisted were not supported by the evidentiary record and which it now asserts were based on "new" theories raised five years after discovery closed and eight years after the lawsuit was filed.

**Second,** Corrugated claims the Court failed to consider that its 2018 factual position regarding the type of damages at issue was asserted in good faith. [Doc. No. 659] at 8. Corrugated does not cite to a single authority that supports an assertion that a party cannot be judicially estopped from asserting a subsequent inconsistent factual position when the initial factual position was made in good faith or was not disputed.[3] Although not cited by Corrugated, the Tenth Circuit has said "it *may* be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007). However, Corrugated did not raise the "inadvertence or mistake" exception in its supplemental briefing, so it is improperly raised for the first time in a Motion to Reconsider. *Servants*, 204 F.3d at 1012. Further, in light of the circumstances as discussed at length in the Court's prior orders [Doc. Nos. 642, 655], the Court is not persuaded that there is inadvertence or mistake that warrants restraint of judicial estoppel.[4]

---

[3] Corrugated's "good faith" is not as clear cut as Corrugated states. The Court's December 4 Order discussed at length the timing of Corrugated's changing positions, noting its skepticism that Corrugated has acted in good faith. Dec. 4 Order [Doc. No. 655] at 23.

[4] Corrugated requests the Court hold an evidentiary hearing so Corrugated can "present evidence of the good faith of its 2018 arguments." [Doc. No. 659] at 28. As already addressed herein, "good faith" is not dispositive of the decision to apply judicial estoppel and Corrugated provides no authority asserting otherwise. Further, Corrugated had *three* opportunities to make arguments and provide evidence in any of the three briefs it submitted [Doc. Nos. 647, 650, 652]—all of which the Court considered in making its December 4 Order. Corrugated offers no explanation as to why any evidence it wishes to present could not have been presented in one of those briefs. As such, the request for an evidentiary hearing is denied as improper and untimely. *Servants*, 204 F.3d at 1012 ("Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed.").

**Third**, Corrugated retreads an argument already considered and dismissed by the Court: that judicial estoppel cannot apply because the Court did not "accept" a previous position advocated by Corrugated.   [Doc. No. 659] at 12.  Corrugated's initial briefing framed this element as a lack of acceptance because the Court did not adopt every position Corrugated advocated regarding coverage, which Corrugated improperly attempts to rehash in its Motion to Reconsider.  *Id.* at 18-20.  The Court declines to do so and finds no clear error in its previous analysis that the Court accepted Corrugated's repeated and consistent factual position that the losses at issue were only those covered by Coverage G. Additionally, Corrugated argues that it did not succeed in persuading the Court to accept its position because National Trust and Gravity agreed with the position and did not dispute that damages were limited to Coverage G.  Mot. [Doc. No. 659] at 12.  Corrugated fails to cite a single authority[5] that supports an argument that a party's prior position must be disputed to apply judicial estoppel.[6]  Setting aside the dearth of legal authority which,

---

[5] While Corrugated's Reply cites to an unpublished Tenth Circuit opinion for the proposition that "[j]udicial estoppel does not apply to legal conclusions based on undisputed facts," that case was published in 2000 (prior to the Tenth Circuit adopting the doctrine of judicial estoppel) and briefly discussed judicial estoppel from under Wyoming law before rejecting to apply it.  *See* Reply [Doc. No. 663] at 2-3 (citing *State of Wyo. ex rel. Dep't of Env't Quality v. Federated Serv. Ins. Co.*, 211 F.3d 1279 (10th Cir. 2000)); *see also Williams v. Stewart Title Co.*, 806 F. App'x 625, 631 (10th Cir. 2020) (noting the Tenth Circuit "began applying judicial estoppel only after the Supreme Court recognized the doctrine" in 2001, with *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005) being its first application in 2005).  Further, the Court's December 4 Order expressly acknowledged that Corrugated's 2018 position was a factual position, not a legal conclusion.  *See* Dec 4 Order [Doc. No. 655] at 17.

[6] Rather, Corrugated cites extensively to testimony at a 2024 evidentiary hearing on the topic of the fairness of Corrugated's actions in settling with Asset.  Corrugated explains that "counsel for Gravity[] strenuously argued that the expansion of Asset's claim to include damage to the structural integrity of the School Age Center Building was entirely new and contradictory to the record developed in discovery in 2018."  Mot. [Doc. No. 659] at 12.  This reaction is unsurprising

alone, fails to demonstrate clear error, this argument is again raised for the first time in the Motion to Reconsider and therefore, not a basis to grant relief. *Servants*, 204 F.3d at 1012 ("Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed.").

**Fourth,** Corrugated contends that the Court erred in rejecting Corrugated's previous argument that National Trust placed Coverage A at issue by litigating it in this case. Mot. [Doc. No. 659] at 25-26. Because this argument appears to simply restate arguments the Court previously rejected, the Court finds there is no basis for reconsideration. *See* Dec. 4 Order [Doc. No. 655] at 14-15.

**Fifth,** while not exactly clear, Corrugated appears to argue that because National Trust informed the District Court of the Eastern District of Texas that the case before it was related to this case, including litigation regarding Coverage A, that somehow results in "unfairness to Corrugated" if the Court were to apply judicial estoppel. Mot. [Doc. No. 659] at 27. Specifically, Corrugated states that applying judicial estoppel is clear error because it "would result in unfairness to Corrugated, and a ruling by this Court that is totally inconsistent with the ruling by Judge Schroeder that Coverage A would be fully litigated in this matter." *Id.* This argument misses a fundamental point: Coverage A has been fully litigated in this case. As to Gravity and claims for indemnity, Corrugated disavowed Coverage A-type losses. As to National Trust, the Court's December 4 ruling

---

considering Corrugated's statement that all parties "understood and believed that Asset's claims were limited to alleged defects and deficiencies in Gravity's work" which was "consistent with the record[.]" *Id.* at 22. Further, Corrugated did not cite to this testimony in its previous briefing and raises it improperly in its Motion to Reconsider.

clearly ruled on both the indemnity and duty to defend claims related to Coverage A.  While Corrugated may not agree with the Court's December 4 ruling, the claims related to Coverage A have been litigated and resolved.  Thus, there has been no "unfairness" to Corrugated and even if there were, that unfairness would fairly be characterized as a result of Corrugated's own strategic decisions in this action.

*Lastly*, in a footnote, Corrugated requests the Court reconsider its finding that Corrugated's factual positions in 2018 constitute judicial admissions.  Yet again, Corrugated provides only conclusory statements without any legal authority in support. This does not meet the showing of clear error.  Corrugated requests alternative relief that the Court permit Corrugated to withdraw these admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.  Even if the Court were to assume that Rule 36(b) governs judicial admissions made through pleadings or representations to the Court, the Court finds the Rule 36(b) standard is not satisfied.  Allowing withdrawal would substantially prejudice Gravity and National Trust, who litigated this case for years in reliance on Corrugated's express and repeated representations regarding the nature of the claimed damages. Accordingly, the Court finds no clear error that merits reconsideration.

## IV.    Conclusion

Upon careful review of the parties' briefing and the challenged Order and Judgment, the Court finds no grounds warranting reconsideration or amendment.  Corrugated points to no statement in the Court's Order that is factually or legally incorrect, nor does it identify any actions that are clear error or would result in manifest injustice.  While the Court

declines to reconsider its Order wholesale for the reasons stated above, the Court's own review of its Order does not indicate clear error or incorrect statements of fact or law.

IT IS THEREFORE ORDERED that Third-Party Plaintiff Corrugated Erectors, Inc.'s Motion to Reconsider Order and Motion to Alter or Amend Judgment [Doc. No. 659] is DENIED.

IT IS SO ORDERED this 10th day of February, 2026.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**